**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10337 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00032-RCJ-VPC-1 |
| v. | |
| IQBAL SINGH-SIDHU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Iqbal Singh-Sidhu appeals his jury conviction for various offenses under the

Controlled Substance Act (CSA) and the Controlled Substance Analogue

Enforcement Act (Analogue Act) stemming from his sale of "Spice" to an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

undercover DEA officer on three separate occasions in 2012. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Singh-Sidhu's conviction.

**1.** We decline, under the invited error doctrine, to review Singh-Sidhu's challenge to the jury instructions on "knowledge" and "deliberate ignorance," addressing the government's burden of proof to show that he acted with the requisite "knowledge" required by the CSA and the Analogue Act. *See* 21 U.S.C. §§ 802(32), 813, 841(a)(1); *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015) (holding that § 841(a)(1) of the CSA "makes it unlawful knowingly to manufacture, distribute, or possess with intent to distribute controlled substances"). Singh-Sidhu invited the error, if any, when he stipulated to the jury instruction on knowledge and proposed the jury instruction on deliberate ignorance. In doing so, he "intentionally relinquished or abandoned a known right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

At the conclusion of trial, the parties discussed and refined the language of these instructions and defense counsel confirmed that he "got it" and had "no objection." In addition, Judge Jones explained the legal definition of "knowledge" at the beginning of trial and informed defense counsel that he was free to object or ask for a sidebar to further discuss these instructions. Defense counsel never

2

objected. This is record evidence that Singh-Sidhu considered the objection "but then, for some tactical or other reason, rejected the idea." *Id.*

Nor do we reach this argument, as Singh-Sidhu urges, through the "guise of ineffective assistance of counsel on direct appeal." "[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal," and the record in this case is not "sufficiently developed to permit determination" of this issue. *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) (citation omitted).

**2.** The district court did not abuse its discretion by admitting a photograph of multiple Viagra pills that were found during the government's search of Singh-Sidhu's store. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (reviewing admission of evidence under Fed. R. Evid. 404(b) for an abuse of discretion). Under Federal Rule of Evidence 404(b), the Viagra pills were admissible as probative of Singh-Sidhu's intent to distribute the charged drugs. *See* Fed. R. Evid. 404(b); *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). As the trial court explained, the fact that multiple Viagra pills—a drug that can be illegally distributed and is intended for human consumption—were found near several packets of Spice is relevant to show Singh-Sidhu's similar intent with regards to the Spice. *See Romero*, 282 F.3d at 688 (defendant's previous drug-

related activities admissible to show defendant's knowledge of cocaine distribution methods); *see also United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc) ("Rule 404(b) is a rule of inclusion—not exclusion . . . .").  Finally, any alleged error was harmless, because the jury knew about the Viagra even without the photograph and the trial court properly instructed the jury not to consider any evidence of other crimes or acts.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

**3.**  Finally, Singh-Sidhu challenges the admission of Dr. Ghozland's testimony regarding the adverse effects of synthetic cannabinoids on humans.  We review the admission of this evidence under a plain error standard of review because Singh-Sidhu made the "wrong specific objection" at trial.  *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).  The district court properly ruled that the "probative value" of Dr. Ghozland's testimony was not "substantially outweighed" by the danger of unfair prejudice.  *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).  Dr. Ghozland's testimony was relevant to show that the charged drugs were analogues and that Singh-Sidhu possessed more Spice than a single individual could consume.  Dr. Ghozland's testimony was limited to general statistics and did not have the "undue tendency"

4

to influence the jury to reach a verdict based on emotion. *Id.* The district court did not plainly err by admitting Dr. Ghozland's testimony.

**AFFIRMED.**